# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RYAN INTERNATIONAL AIRLINES, INC., | ) |
| et al.[1], | ) Case No. 12- 80802 |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) PAYMENT OF CERTAIN CRITICAL PRE-PETITION OBLIGATIONS, AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF SAID OBLIGATIONS

To:    All Parties on the Attached Service List

PLEASE TAKE NOTICE that at 1:30 p.m. on March 7, 2012, or as soon thereafter as may be heard, Ryan International Airlines, Inc., *et al.*, shall appear before the Honorable Manuel Barbosa, Judge of the above-entitled Court, or before any judge sitting in his stead, and present the Debtors' Motion for Entry of an Order (I) Authorizing (A) Payment of Certain Critical Pre-Petition Obligations, and (B) Directing All Banks to Honor Pre-Petition Checks for Payment of Said Obligations, which is hereby served upon you.

Dated: March 6, 2012                    /s/Thomas J. Lester
                                        Thomas J. Lester
                                        Matthew M. Hevrin
                                        Hinshaw & CULBERTSON LLP
                                        100 Park Avenue
                                        P.O. Box 1389
                                        Rockford, IL 61105-1389
                                        (815) 490-4900
                                        Fax: (815) 490-4901

                                        *Proposed Counsel to the Debtors and Debtors in Possession*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

70811672v1 0932325

## CERTIFICATE OF SERVICE

I, Rhonda Young of Hinshaw & Culbertson LLP, hereby certify that a true and correct copy of the foregoing Notice and Debtors' Motion for Entry of an Order (I) Authorizing (A) Payment of Certain Critical Pre-Petition Obligations, and (B) Directing All Banks to Honor Pre-Petition Checks for Payment of Said Obligations was served on the parties listed on the attached Service List by overnight mail on or about March 6, 2012.

/s/Rhonda Young

70811672v1 0932325

## SERVICE LIST

| | |
|---|---|
| Office of the United States Trustee<br>Attn: Ms. Carole Ryczek<br>780 Regent Street<br>Suite 304<br>Madison, WI 53715 | Airline Pilots Association, International<br>1625 Massachusetts Avenue NW<br>Washington, D.C. 20036 |
| Transport Workers Union of America, AFL-CIO<br>501 3rd Street NW<br>9th Floor<br>Washington, D.C. 20001 | Internal Revenue Service<br>201 West Rivercenter Blvd.<br>Covington, KY 41011 |
| DFAS-CO/FPS/F<br>DFAS-Columbus Center<br>Attn: DFAS-ADPSD/CA Fuels<br>Columbus, OH 43218-2204 | VRG Linhas Aereas<br>Avenida Vinte De Janeiro Seguimento D<br>CEP 21941-570 |
| Delta Air Lines<br>1030 Delta Blvd.<br>Atlanta, GA 30320-6001 | American Express – 360001<br>US Payment Florida<br>2965 West Corporate Lakes Blvd<br>Weston FL 33331-3626 |
| Virgin Atlantic Airways<br>Manor Royal<br>Crawley<br>West Sussex<br>RH10 9NU | Pratt & Whitney<br>Christchurch Engine Centre<br>Christchurch Int'l Airport 8544<br>14005<br>CHC New Zealand |
| Wells Fargo Bank Northwest, not individually but as Trustee for Triton Aviation International LLC<br>c/o Mr. Jeremy Stamelman<br>Gibson, Dunn & Crutcher LLC<br>200 Park Avenue<br>New York, NY 10166-0193 | LSG Sky Chefs<br>998 W. Army Trail Road<br>Carol Stream, IL 60631 |
| North Shore Aircraft LLC – Lease<br>c/o Wayzata Investment Partners, LLC<br>Attn: Ray Wallander & John McEvoy<br>701 East Lake Street<br>Suite 300<br>Wayzata, MN 55391 | Airbus of North America<br>198 Van Buren Street<br>Herndon, VA 20170 |
| | |

| | |
|---|---|
| Futura International Airways<br>c/o Klenda, Mitchell, Austeman & Zuercher, LLC<br>Attn: Christopher McElgunn/Michelle Brenwald<br>1600 Epic Center<br>301 North Main<br>Wichita, KS 67202 | US Customs & Border Protection<br>Revenue Division<br>Attn: UserFeeT<br>6650 Telecom Drive<br>Indianapolis, IN 46278 |
| Professional Insurance Management Inc.<br>2120 Airport Road<br>Wichita, KS 67277 | Ascent Aviation Services<br>6901 S. Park Road<br>Tucson, AZ 85766 |
| Wright Express Financial Srv<br>33548 Treasury Center<br>Chicago, IL 60694-3500 | Piedmont Aviation<br>1031 E. Mountain Street<br>Suite 320<br>Kernersville, NC 27284 |
| LSG Sky Chefs Deutschland<br>Dornhofst 38<br>Neu-Isenburg 63263<br>Germany | McGladrey & Pullen, LLP<br>5155 Paysphere Circle<br>Chicago, IL 60674 |
| DSSN 3801 L1-Craf<br>Attn: Disbursing Operations Director<br>3801 Limestone Field Site<br>P.O. Box 269339<br>Indianapolis, IN 46226-9339 | SFB Fueling, LLC<br>3301 N. Buffalo Drive<br>Suite B-9<br>Las Vegas, NV 89129 |
| Euro Jet Intercontinental<br>12 Mount Havelock<br>Douglas IM72QG | U.S. Jet Services, Inc.<br>3216 S. Nordic Road<br>Arlington Heights, IL 60005 |
| US Airways<br>201 East Jefferson Street<br>Phoenix, AZ 85004 | Cooper & Kirk<br>1523 New Hampshire<br>Washington, D.C. 20036 |
| Boeing Commercial Airplanes<br>P.O. Box 3707<br>Seattle, WA 98124-2207 | Globe Ground North America LLC<br>111 Great Neck Road<br>Suite 320<br>Great Neck, NY 11021 |
| Chicago Aircraft Inc.<br>3216 S. Nordic Road<br>Arlington Heights, IL 60005 | Delta Air Lines<br>c/o David Meadows<br>King & Spaulding, LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309 |

70811672v1 0932325

| | |
|---|---|
| PNC Equipment Finance LLC<br>c/o Mr. Robert P. Simons<br>Reed Smith LLP<br>225 Fifth Avenue<br>Pittsburgh, PA 15222 | Consultoria – Mexican Immigration<br>Homero 1832<br>Col Los Morales Polanco<br>Delgacia Miguel Hidalgo<br>C.P. 11510<br>Mexico DF |
| Pan Am Flight Academy<br>5000 Northwest 36th Street<br>Miami, FL 33166-2763 | Baker Botts L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995 |

70811672v1 0932325

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RYAN INTERNATIONAL AIRLINES, INC., | ) |
| *et al.*[1], | ) Case No. 12- 80802 |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) PAYMENT OF CERTAIN CRITICAL PRE-PETITION OBLIGATIONS, AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF SAID OBLIGATIONS

Ryan International Airlines, Inc. ("Ryan") and Rubloff 757-MSN24794, LLC; Rubloff Ryan, L.L.C.; Rubloff/Ryan 80 LLC; Ryan 763BK, L.L.C.; Ryan 767, LLC; Sundowner 102, LLC; Sundowner Alexandria LLC; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC; Sundowner Oklahoma City LLC; Rubloff Aerospace, L.L.C., Chapter 11 Debtors and Debtors-in-Possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Cases"), hereby move (the "Motion") this Court pursuant to Sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), for an order authorizing, at the Debtors' discretion; (a) payment of certain critical pre-petition obligations (the "Obligations"), and (b) directing all banks to honor pre-petition checks or payment of said Obligations. In support of this Motion, the Debtors rely on the Affidavit of Mark A. Robinson (the "Robinson Affidavit") filed concurrently herewith in support

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

of this Motion. Mr. robinson will also be available to testify as to the necessity of the ability for the Debtors to the Obligations. In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein are sections 105(a), 363(b) and 507(a) of the Bankruptcy Code.

### Background

2. On March 6, 2012, each of the Debtors filed a voluntary petition in this Court for reorganization relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have moved this Court for an order authorizing joint administration of these Chapter 11 Cases.

### Business of the Debtors

3. The Debtors are providers of military passenger and commercial charter air transportation services. The Debtors are primarily a commercial provider of air transportation for the Department of Defense, the U.S. Marshall's Services and other government agencies. The Debtors operate their businesses through Ryan with Aircraft leased or owned by the other Debtors. The Debtors operate a diverse fleet of passenger aircraft, employ approximately 468 employees and have annual revenues of more than $244,000,000.00.

4. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' Chapter 11 cases, are set forth in greater

detail in the Declaration of Mark A. Robinson, Executive Vice President of Ryan, in Support of First Day Pleadings (the "First Day Declaration"), filed contemporaneously herewith.

### Events Leading to Chapter 11 Filing

5. Recently, the Debtors have encountered various financial and operational hurdles, due in part to a decreased demand for military and passenger services. In an effort to facilitate a comprehensive restructuring of the Debtors' businesses, on the date hereof (the "Commencement Date"), each of the Debtors commenced cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these Chapter 11 cases. No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases, and no committees have been appointed or designated.

### Requested Relief

6. The Debtors request that this Court enter an order pursuant to Sections 105(a), and 363(b) of the Bankruptcy Code authorizing Ryan to pay at the Debtors' discretion various Obligations due to critical vendors listed on Exhibit B attached hereto.

7. Additionally, the Debtors seek an order authorizing all of Ryan's banks to receive, process, honor and pay any and all checks drawn on Ryan's general disbursement accounts with respect to payments authorized by this Motion, whether presented before or after the Petition Date, upon receipt by each bank and institution of notice of such authorization, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

### Basis for Relief

8.

3

9. For the reasons set forth on Exhibit B, each of the vendors listed provides an essential service to the Debtors. Without the ability to access the services or goods provided by those vendors, Ryan may not be able to operate. The Debtors seek authority to pay the Obligations of the critical vendors, but will negotiate with vendors for the best terms possible.

10. Notwithstanding anything to the contrary in the Motion and/or the order approving this Motion (the "Order"), all terms and provisions of the Order (including, without limitation, any provisions authorizing the Debtors to incur, pay, or assume expenses or obligations), are expressly subject to the provisions of that certain Order Authorizing Debtor: (A) To Use Cash Collateral; and (B) To Incur Postpetition Debt, as such order may become final and/or be amended, modified, or supplemented (the "Cash Collateral/Financing Order"), including the Budget, as that term is defined in the Cash Collateral/Financing Order.

**Applicable Authority**

11. Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, the Debtors seek authority to pay certain critical vendors that are necessary for the Debtors to remain in business. These are unique vendors that cannot easily be replaced. Exhibit B contains a short and concise statement a to the necessity for the Debtors to have the authority to pay these critical vendors

12. The listed vendors are essential to the orderly and successful reorganization of the Debtors. They are, in essence, sole source suppliers, and the inability to do business with these critical vendors would adversely impact the Debtors, the value of their assets and businesses and ultimately their ability to reorganize.

13. The "fundamental purpose of reorganization is to prevent the debtor from going into liquidation, with an attendant loss of jobs." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984). Payment of the amounts requested in this Motion is in the interest of all parties because

such payment will facilitate the continued operation of the Debtors' businesses and will help avoid liquidation and shut-down of the Debtors' operations. See Lehigh and New England Ry. Co., 657 F.2d 570, 581 (3rd Cir. 1981). Accordingly, the relief sought by this Motion will allow the Debtors to continue to operate with minimal disruption and enable the Debtors to stabilize their businesses.

14. Finally, the Debtors request that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related to the vendors identified in Exhibit A whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date. The Debtors represent that they have sufficient cash reserves, together with anticipated access to debtor-in-possession financing, to promptly pay the claims to the extent described herein, on an ongoing basis and in the ordinary course of their businesses.

15. For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of all parties-in-interest.

16. The Debtors are not requesting the assumption of any agreement in this Motion and, therefore, nothing contained in this Motion shall constitute a request for authority to assume any policy, procedure or executory contract that may be described or referenced herein.

17. In the past, Courts have recognized that payment of certain pre-petition claims, including those of vendors, is critical to a debtor's reorganization efforts and therefore have exercised their authority under Section 105(a) of the Bankruptcy Code to authorize payment of limited pre-petition obligations. *See, e.g., In re Kmart Corporation*, Case No. 02-02474 (SPS) (Bankr. N.D. Ill. January 25, 2002); *In re Comdisco. Inc.*, Case No. 01-24795 (RB) (Bankr. N.D.

Ill. July 17, 2001); *In re Outboard Marine Corporation*, Case No. 00-37405 (ElK) (Bankr.N.D.Ill. Dec. 26, 2000).

18. In addition, Section 363(b) of the Bankruptcy Code authorizes a debtor to engage in transactions outside the ordinary course of business. In determining whether or not to approve the use of property of estate under Section 363(b), courts consider whether or not there is some articulated business justification for using, selling, or leasing the property outside of the ordinary course of business. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Walter*, 83 B.R. 14, 19-20 (9th Cir. BAP 1988).

19. The Debtors' failure to pay the critical vendors relating to periods prior to the Petition Date would likely cause many of the critical vendors to abandon the Debtors, which would result in the collapse of the Debtors' businesses. Therefore, the relief requested in this Motion is necessary and should be authorized under Sections 105, and 363(b) of the Bankruptcy Code so that the Debtors can continue their business without significant interruption.

### Notice

20. The Debtors have provided notice of this motion to: (a) the United States Trustee for Region 11; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to any statutory committee appointed in these Chapter 11 cases; (d) counsel to INTRUST Bank, N.A., the primary secured lender; (e) Airline Pilots Association, International; (f) Transport Workers Union of America, AFL-CIO; and (g) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

21. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

70811670v1 0932325

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto at Exhibit A: (i) authorizing payment of the pre-petition claims of vendors listed on Exhibit B attached hereto; (ii) directing all banks to honor pre-petition checks for payment of such obligations; and (iii) granting the Debtors such other and further relief as is just and proper under the circumstances.

Rockford, Illinois

Dated: March 5, 2012                           /s/Thomas J. Lester
                                               Thomas J. Lester
                                               Matthew M. Hevrin
                                               Hinshaw & CULBERTSON LLP
                                               100 Park Avenue
                                               P.O. Box 1389
                                               Rockford, IL 61105-1389
                                               (815) 490-4900
                                               Fax: (815) 490-4901

                                               *Proposed Counsel to the Debtors and Debtors in Possession*

7