UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RYAN INTERNATIONAL AIRLINES, INC., | ) |
| et al.[2], | ) Case No. 12-80802 |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

**ORDER (I) AUTHORIZING (A) PAYMENT OF CERTAIN CRITICAL PRE-PETITION OBLIGATIONS, AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF SAID OBLIGATIONS**

This matter having come before the Court on the Debtors' Motion for an Order (I) Authorizing (A) Payment of Certain Critical Pre-petition Obligations, and (B) Directing All Banks To Honor Pre-petition Checks for Payment of said obligations (the "Motion")[3]; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion shall be, and it hereby is, GRANTED.

---

[2] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

[3] Capitalized terms not defined in this Order shall have the meanings set forth in the Motion.

70811670v1 0932325

2. The Debtors are authorized, but are not ordered to, pay the pre-petition claims of vendors listed in Exhibit B to the Motion.

4. The Debtors' banks are authorized to receive, process, honor and pay any and all checks drawn on the Debtors' general disbursement accounts related to pre-petition obligations approved by this Order, whether presented before or after the Petition Date, upon receipt by each bank and institution of notice of such authorization, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

5. Notwithstanding anything to the contrary in the Motion and/or this Order, all terms and provisions of this Order (including, without limitation, any provisions authorizing the Debtors to incur, pay, or assume expenses or obligations), are expressly subject to the provisions of the Cash Collateral/Financing Order, including the Budget, as that term is defined in the Cash Collateral/Financing Order.

6. Neither the provisions of this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed an assumption of any obligations, or otherwise effect the Debtors' rights under 11 U.S.C. § 365 to assume or reject any executory contract between the Debtors' and any vendor.

7. This Order is a final order and is effective immediately.

Rockford, Illinois            MAR 7 2012
Dated: _____        _____
                                     UNITED STATES BANKRUPTCY JUDGE

70811670v1 0932325